PER CURIAM.
The Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (ADR Committee) has filed a petition proposing amendments to court rules.[1] The ADR Committee was created in 2003 and charged with monitoring court rules governing alternative dispute resolution policies and procedures, and making recommendations as necessary to improve the use of mediation, arbitration, and other forms of alternative dispute resolution to supplement the judicial process. See In re Committee on Alternative Dispute Resolution Rules and Policy, Fla. Admin. Order No. AOSC03-31 (July 8, 2003). The proposed amendments are in response to a referral from the Court regarding parenting coordination and mediation issues addressed in the 2008-2010 report of the Steering Committee on Families and Children in the Court.
First, the ADR Committee recommends an amendment to Florida Family Law Rule of Procedure 12.740(f). This rule currently provides that if counsel of record for any party is not present at mediation when an agreement is reached, such counsel shall have ten days from the service of the copy of the agreement to serve written objections on the mediator, unrepresented parties, and counsel. Florida Rule of Juvenile Procedure 8.290, governing mediation in juvenile dependency matters, contains no similar provision for attorney review. The ADR Committee recommends achieving consistency by deleting the provision from rule 12.740(f).[2]
The Family Law Rules Committee (FLR Committee) opposes this amendment and contends that the ten-day review period is beneficial to parties who may choose to proceed to mediation without an attorney for financial reasons but still want the opportunity for attorney review. The FLR Committee also contends that the differences between family law cases and dependency cases justify the difference in the rules. The FLR Committee points out that dependency cases involve children in *1045 crisis and the delay in the proceedings that may be caused by a ten-day review period could be detrimental to the child. It also points out that indigent parties in dependency proceedings are entitled to court-appointed counsel, and thus, the financial considerations that cause parties in family law cases to proceed with mediation without an attorney may not be an issue in dependency cases.
The ADR Committee maintains that it doe§ not perceive a strong rationale for retaining the provision in the family law rule and points out that even without an express provision in the rule, parties would still be free to incorporate a provision for attorney review into their mediation agreement. On balance, we agree with the reasoning of the ADR Committee and amend rule 12.740(f) as proposed.
Second, the ADR Committee has proposed several amended and new rules and forms relating to parenting coordination. Additionally, as part of what it refers to as its “ADR systems proposals,” the Committee has proposed a number of amended and new rules relating to court-appointed alternative dispute resolution neutrals other than parenting coordinators. After review of the proposals and the comments filed in this matter, we decline to adopt these proposals at this time and refer them back to the ADR Committee for further study and consideration.
Accordingly, Florida Family Law Rule of Procedure 12.740(f) is amended as reflected in the appendix to this opinion. The deleted language is struck through. The amended rule shall become effective January 1, 2018, at 12:01 a.m.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
Rule 12.740. Family Mediation
(a)-(e) [No change]
(f) Report on Mediation.
(1) If agreement is reached as to any matter or issue, including legal or factual issues to be determined by the court, the agreement shall be reduced to writing, signed by the parties and their counsel, if any and if present, and submitted to the court unless the parties agree otherwise. By stipulation of the parties, the agreement may be electronically or stenographically recorded and made under oath or affirmed. In such event, an appropriately signed transcript may be filed with the court. If-counsel for -any- party-is not present when.the agreement is reached, the mediator shall cause-to-be mailed a copy of the agree■ment-to-counsel-within 5-days. — Counsel shall-have 10 days from service of a-copy of the-agreement to serve-a- written-objection-on the-mediator,' -unrepresented parties,-and eounsel. — Absent a timely written-objecfionrthe agreement is presumed-to-be -approved -by-counsel and shall-be filed with the court by the medi-
(2) After the agreement is filed, the court shall take action as required by law. When court approval is not necessary, the agreement shall become binding upon filing. When court approval is necessary, the agreement shall become binding upon approval. In either event, the agreement shall be made part of the final judgment or order in the case.
(3) If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation. With the consent of the parties, the mediator’s report may also identify any *1046 pending motions or outstanding legal issues, discovery process, or other action by any party which, if resolved or completed, would facilitate the possibility of a settlement.
Commentary
[No change]

. We have jurisdiction. See art. V, § 2(a), Fla. Const. The ADR Committee also submitted a companion report and draft administrative order addressing matters related to parenting coordination. The report and draft administrative order were considered by the Court separately from this case as an administrative matter.

. The Committee also notes that deleting this provision would make rule 12.740(f) consistent with Florida Rule of Civil Procedure 1.730 addressing mediation agreements in civil cases. Rule 1.730(b) provides that if an agreement is reached at mediation, it shall be reduced to writing and signed by the parties and their counsel, if any. It also addresses the issue of reporting the agreement to the court. It does not contain a provision similar to the ten-day review provision discussed here.